UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
FRONTIER PARK CO., LLC,
330 Broadway, Amityville, New York 11701,

                  Petitioner,            **MEMORANDUM OF**
       v.                                 **DECISION AND ORDER**
                                              14-cv-03624 (ADS)(AKT)

CRISTOBAL FERRARA CONTRERAS (named herein as CRISTOBEL FERRARA), JESUS S. FERRARA, ESPERENZA ALVARANGO, JOSE E. AYALA-DIAZ, PARTICIA KELLY (named herein as PATRICK KELLY), JAMES KAVUN, CARL HOLMGREM, JR. (named herein as KARL HOLMGREN), MARION BROWN, LANA JESSEN, EDWARD M. HAVEKOST, LINDA KAVUN, AUGUSTIN GUTIERREZ, ROSA E. GUTIERREZ, YAPAICA MARTE, EMMANUEL MARTE, WILMER MEMBRENO (named herein as WILMER MEMBIENO), JEAN TAINO, MARK TAINO, NAIRA TARRA, LAURA ZILINSKI, MARIA LOPEZ (named herein as MAIRA LOPEZ), MARVIN HERNANDEZ VENTURA, TIMOTHY McCARTHY, EDITH SALERMON, GARY SANDEFUR, PAMELA SANEFUR, PAMELA SANDEFUR, DOROTHY KETCHAM, MARIS LEYVA, MARY LEE STRATTON,

                  Respondents.
----------------------------------------------------------X
**APPEARANCES:**

**Hamburger, Maxson, Yaffee, Knauer & McNally, LLP**
*Attorneys for the Petitioner*
225 Broadhollow Road, Suite 301E
Melville, NY 11747
    By: Lane T. Maxson, Esq., of counsel

**Arthur Morrison, Esq.**
*Attorney for the Respondents*
11 Skyline Drive
Hawthorne, NY 10532

**SPATT, District Judge.**

On or about May 5, 2014, the Petitioner-Landlord, Frontier Park Co. (the "Petitioner") commenced 22 summary holdover proceedings pursuant to New York State Real Property Actions and Proceedings Law ("RPAPL") Article 7 in the Second District Court of Lindenhurst, Babylon, New York. On both May 8 and May 13, 2014, in the state action, the Respondents filed certain counterclaims – namely, under the Equal Protection Clause of the 14th Amendment to the United States Constitution; the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*; and other federal statutes.

On June 9, 2014, the Respondents removed these summary holdover proceedings, under one civil docket, to this Court on the basis of federal question jurisdiction.

Presently before the Court is the Petitioner's motion pursuant to 28 U.S.C. 1447(c) to remand the 22 holdover proceedings to the state court and for costs and actual expenses, including attorney's fees incurred as a result of the removal. The Petitioner argues that the removal petition (1) is untimely pursuant to 28 U.S.C. § 1446 (a); (2) is defective due to the Respondents' failure to file separate removal petitions for each summary holdover proceeding; and (3) fails to invoke subject matter jurisdiction. For the following reasons, the Court grants the Petitioner's motion to remand and for costs and expenses.

## I. DISCUSSION

A. The Timeliness of the Removal Petition

Initially, the Court addresses the issue of the timeliness of the removal petition. 28 U.S.C. § 1446 provides that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or

otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). "Subsection 1447(c) authorizes a remand on the basis of any defect in removal procedure or because the district court lacks subject matter jurisdiction." LaFarge Coppee v. Venezolana De Cementos, S.A.C.A., 31 F.3d 70, 72 (2d Cir. 1994)(internal quotation marks and citations omitted). Failure to file within the 30–day filing period leads to an automatic defeat of the removal petition. See Bertrand v. Vingan, 899 F. Supp. 1198, 1199 (S.D.N.Y. 1995)(noting that a defendant seeking removal must strictly comply with the statutory 30-day filing period requirements).

Indeed, the Supreme Court has held that "statutory procedures for removal are to be strictly construed," Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32, 123 S. Ct. 366, 154 L. Ed. 2d 368 (2002) "because the federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns." In re NASDAQ Market Makers Antitrust Litigation, 929 F. Supp. 174, 178 (S.D.N.Y. 1996)(citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109, 61 S. Ct. 868, 85 L. Ed. 1214 (1941)) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined.").

To that end, "all doubts should be resolved in favor of remand." Leslie v. BancTec Service Corp., 928 F. Supp. 341, 347 (S.D.N.Y. 1996)(internal quotation marks and citations omitted). Accordingly, "absent waiver or estoppel, the thirty[-]day period cannot be extended by court order, stipulation of the parties, or otherwise." Thomas v. Baldwin, 189 F. Supp. 2d 1, 2 (E.D.N.Y. 2002).

In this case, 17 of the underlying petitions were served on May 5, 2014 and five were served on May 6, 2014. The notice of removal was filed on June 9, 2014, respectively, 34 and 35 days, after receipt of the underlying petitions.

Nonetheless, the Respondents argue that their removal petition is timely under the provision of U.S.C. § 1446(b)(3), which provides as follows:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

This "narrow judicially-created exception to the thirty-day rule [is] known as the revival exception." In re Methyl Tertiary Butyl Ether Prod. Liab. Litig., No. 1:00–1898 (SAS), 2006 WL 1004725, at *3 (S.D.N.Y. Apr. 17, 2006)("MTBE"); see also Tully v. Am. Fed'n of Gov't Employees Local 3148, 00-CV-7664 (JG), 2001 WL 253034, at * 2 (E.D.N.Y. Mar. 9, 2001). As explained by the Fifth Circuit:

> "an amendment of the complaint will not revive the period for removal if a state court case previously was removable but the defendant failed to exercise his right to do so," a different result generally is reached if the pleading amendment provides (1) a "new basis for removal" or (2) "changes the character of the litigation so as to make it substantially a new suit."

Braud v. Transport Serv. Co. of Illinois, 445 F.3d 801, 806 (5th Cir. 2006) (quoting 14C Wright, Miller & Cooper, Federal Practice and Procedure, § 3732 at 311–48). "The gist of this principle, then, is that where a defendant has failed to exercise its right to remove within § 1446(b)'s thirty-day period, the defendant's right to remove can be 'revived' if the plaintiff amends the complaint, and in so

4

doing dramatically changes the essential character of the action." MG Bldg. Materials, Ltd. v. Paychex, Inc., 841 F. Supp. 2d 740, 744 (W.D.N.Y. 2012).

Here, the Respondents contend that a motion for summary judgment filed by the Petitioner in the state court triggered the U.S.C. § 1446(b)(3) exception. However, the Court finds that this "revival exception" does not save the Respondents' untimely removal petition because the motion for summary judgment filed by the Petitioner in the state court did not change the nature of the underlying petitions seeking a judgment for possession and warrant of eviction so as to render it an effectively new lawsuit. Tully, 2001 WL 253034, at *2 (revival exception did not rescue the defendants' untimely removal petition, where "the amendments to the complaint did not add any new claims at all; rather, they removed a preexisting state law claim"); MTBE, 2006 WL 1004725, at *3 ("where the newly added claims 'bear no resemblance' to the original allegations or the parties are realigned such that, for example, co-defendants become plaintiffs, a district court may apply the revival exception")(citation omitted).

In short, because the removal petition was filed more than 30 days after the Respondents received the underlying petitions, and the provisions of U.S.C. § 1446(b)(3) are inapplicable, the Respondents lost any right to remove the individual holdover proceedings to this Court.

B. Bundling

Even assuming that the removal petition was timely, the Court finds that it is legally defective for the simple reason that 28 U.S.C. §1446 does not provide for "bundling" of several actions or proceedings for purposes of removal into one federal

5

action. The Respondents have not shown that the separate actions were properly consolidated or that they have filed 22 separate petitions for removal. Accordingly, the Court finds that the notice of removal is improper for the failure to file separate removal petitions.

C. The Absence of Subject Matter Jurisdiction

Moreover, even if the Petitioner had complied with the procedural aspects of the removal statute, this Court would nevertheless remand this case based on the "well-pleaded complaint" rule.

By way of background, a cause of action that was initially filed in state court may be removed by a defendant where "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Accordingly, a prerequisite for removal jurisdiction is that the court has the power to exercise original jurisdiction. See, e.g., Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987) ("Only state-court actions that could have been filed in federal court may be removed to federal court by the defendant.")

"Generally, the presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." NYU Hosp. Ctr.-Tisch v. Local 348 Health & Welfare Fund, No. 04–6937 (AKH), 2005 WL 53261, at *1, 2005 U.S. Dist. LEXIS 256, at *2–3 (S.D.N.Y. Jan. 6, 2005)(citing Caterpillar, Inc., 482 U.S. at 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318) (internal quotations omitted); see also United Mut. Houses. LP v. Andujar, 230 F. Supp. 2d 349, 350 (S.D.N.Y. 2002)(citation omitted)("Moreover, a plaintiff is a master of the

complaint - neither a federal defense nor counterclaim will create removal jurisdiction.") (citation omitted); Arrev v. Beaux Arts'II. LLC., 101 F. Supp. 2d 225, 227 (S.D.N.Y. 2000)("Moreover, it long has been clear that the basis for federal jurisdiction must appear on the face of the complaint. The assertion of a federal claim by way of defense to a State Court action affords no basis for removal.")(citations omitted).

Therefore, in a case of removal based on federal question jurisdiction, the relevant inquiry is whether the plaintiff would have been entitled to file its complaint originally in federal court rather than state court. Specifically, the court must evaluate whether one of the plaintiff's causes of action arises under the United States Constitution or Federal Law.

Here, it is clear that none of the Petitioner's causes of action arise under the United States Constitution or Federal Law so as to satisfy the "well-pleaded complaint" rule. As the Petitioner points out, and the Respondents fail to refute, a summary proceeding seeking a final judgment for possession and a warrant of eviction pursuant to RPAPL Article 7 raises no issue or claim based on federal law. Arslan v. Sunnyside Realty Corp., 07CV01825 (NG)(LB), 2007 WL 1350438, at *2 (E.D.N.Y. May 8, 2007)("The civil action which petitioners seek to remove to federal court is a housing court holdover proceeding seeking a final judgment of eviction for the nonpayment of rent pursuant to New York State Real Property Actions and Proceedings Law, and raises no issue or claims based on federal law. Federal courts do not have subject matter jurisdiction over State landlord-tenant matters involving eviction proceedings.")(internal citation omitted); United Mut. Houses. LP v. Andujar, 230 F. Supp. 2d 349, 350 (S.D.N.Y. 2002)("The Federal Rules of Civil Procedure provide no authorization for summary adjudication of landlord-tenant disputes, nor do any other statutes governing

procedure in this district. '[T]he summary process filed by plaintiff could not have been brought here originally and as such, this court lacks subject matter jurisdiction. We find, therefore, that removal was improper. . . .'")(quotation marks and citation omitted); MTI Residential Servs. v. Alston, 07-CV-2002 (SJF)(ARL), 2007 WL 1695161, at *2 (E.D.N.Y. May 31, 2007)("To the extent that the underlying matter relates to an eviction 'time and again, district courts have disclaimed jurisdiction over landlord-tenant disputes and remanded them' to state court. It is appropriate for a federal court to abstain in landlord-tenant actions, as they involve complex questions of state law that bear on important state policy issues. Accordingly, the Court finds no basis to exercise jurisdiction over this case.")(citations and quotation marks omitted); Glen 6 Assocs., Inc. v. Dedaj, 770 F. Supp. 225, 228 (S.D.N.Y. 1991)("Thus, the summary process filed by plaintiff could not have been brought here originally and as such, this court lacks subject matter jurisdiction. We find, therefore, that removal was improper and remand the case to the Justice Court for the Town of Southeast.").

The Respondents' reliance on the exception prescribed by 28 U.S.C. § 1443(1) to the "well-pleaded-complaint" rule is misplaced. Removal is appropriate under 28 U.S.C. § 1443(1) in cases where the defendant is "denied or cannot enforce in the courts of such State a right under any law providing for the equal rights of citizens of the United States." 28 U.S.C. § 1443(1).

A party removing an action pursuant to Section 1443(1) must satisfy the two-part test established by the Supreme Court in Georgia v. Rachel, 384 U.S. 780, 789–90, 86 S. Ct. 1783, 16 L. Ed. 2d 925 (1966). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated

8

in terms of racial equality.'" Johnson v. Mississippi, 421 U.S. 213, 219, 95 S. Ct. 1591, 44 L. Ed. 2d 121 (1975)(quoting Rachel, 384 U.S. at 792). Second, it must appear on the face of the notice "that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.' This provision normally requires that the 'denial be manifest in a formal expression of state law,' such as a state legislative or constitutional provision, 'rather than a denial first made manifest in the trial of the case.'" Johnson, 421 U.S. at 219 (quoting Rachel, 384 U.S. at 799, 803).

Here, as an initial matter, the Court notes that the notice of removal expressly relies on 28 U.S.C. § 1441 rather than 28 U.S.C. § 1443. In any event, the Court finds that the Respondents fail to satisfy the second prong of Rachel – that is, while the Respondents refer to 23 African-Americans and Hispanics in the removal petition, they have not shown that they will be denied an opportunity to bring their civil rights claim in the New York State court. United Mut. Houses. L.P.., 230 F. Supp. 2d 349 at 354 n. 8 (S.D.N.Y. 2002)(remanding a holdover proceeding to New York County Civil Court because the tenants failed to show how their federal civil rights could not be enforced in the holdover proceeding); Little Ferry Assocs. v. Diaz, 484 F. Supp. 890, 892 (S.D.N.Y. 1980)(eviction proceeding alleged to be racially motivated may be adequately challenged in landlord-tenant court).

Consequently, the Court finds that the Respondents have an adequate state remedy to protect their federal rights and removal to this Court under 28 U.S.C. § 1443(1) was improper. See Water's Edge Habitat, Inc. v. Pulipati, 837 F. Supp. 501, 506 (E.D.N.Y. 1993)(removal under 28 U.S.C. § 1443(1) improper where the defendant was entitled to present all legal and equitable defenses under state or federal law).

9

To be sure, in Rachel, the Supreme Court noted that "removal might be justified, even in the absence of a discriminatory state enactment, if an equivalent basis could be shown for an equally firm prediction that the defendant would be 'denied or cannot enforce' the specified federal rights in the state court." 384 U.S. at 804. "This exception will normally require a showing by the petitioner that she was engaged in protected activity, that the state court action was brought against her for having engaged in the protected activity, and that the action has the effect of coercing, intimidating, threatening, and otherwise interfering with her rights under the appropriate statute." Rogers v. Rucker, 835 F. Supp. 1410, 1412 (N.D. Ga. 1993).

Indeed, in Rachel, the defendants were being prosecuted for criminal trespass. The defendants sought service in a private restaurant, were refused, and were asked to leave on the basis of their race. In that situation, any attempt to prosecute the defendants for trespass necessarily conflicted with the federal civil rights statutes prohibiting racial discrimination in places of public accommodation. Id.

Here, by contrast, the Respondents have not established that "*any* proceedings in the courts of the State will constitute a denial of the rights conferred" by a federal civil rights statute." Rachel, 384 U.S at 804. After a careful review of the pleadings, the Court concludes that the Respondents have not alleged facts sufficient to show that the lawsuit filed in state court – which seeks redress against the Respondents' alleged holding over beyond the expiration of their tenancies – is itself an act by which their civil rights were violated. Furthermore, the Respondents have not cited any source of New York law that manifestly denies their right to enforce their rights under the FHA. Therefore, the Respondents' counterclaims do not fall within the scope of § 1443(1).

The Court notes that "[o]ther courts examining the question of Section 1443(1) removal in cases involving FHA claims have repeatedly come to the same conclusion — that the FHA's provisions did not give the removing party the right to violate an otherwise facially neutral law." Henlopen Landing Homeowners Ass'n, Inc. v. Vester, CIV.A. 12-308 (RGA), 2013 WL 1704889, at *11 (D. Del. Apr. 19, 2013); see e.g., Emigrant Sav. Bank v. Elan Mgmt. Corp., 668 F.2d 671, 675 (2d Cir. 1982)(noting that Section 3605 of the FHA does not confer a right for a party to refuse to make payments of principal or interest, and that if a party was foreclosed upon pursuant to the New York statute at issue, nothing in that statute "would preclude a New York court from giving appropriate consideration" to a plea that Section 3605 provided a defense to the claim); People of the State of New York v. Davis, 411 F.2d 750, 753 (2d Cir. 1969)(finding in a case involving the New York menacing statute allegedly invoked against removing party to intimidate him from exercising rights under FHA, that, unlike in Rachel, where the "conduct charged as a criminal offense, to wit, not leaving the restaurants on request, was alleged by the defendants to be the very activity in which the Civil Rights Act gave them a right to engage", here the FHA "confers no right to menace or assault anyone, including persons who have allegedly demonstrated hostility to its purposes"); Vill. of Chestnut Ridge v. Town of Ramapo, No. 07–CV–9278 (KMK), 2008 WL 4525753, at *13 (S.D.N.Y. Sept. 30, 2008)(FHA does not give the defendants right to "ignore facially-neutral state environmental regulations", as "unlike the state defendants in Rachel, that allegation [of violation of state law] is not mutually exclusive with any right [removing party] has to own, rent or sell property under the FHA"); Akhlaghi v. Berry, 294 F. Supp. 2d 1238, 1245 (D. Kan. 2003)(FHA does not permit the defendants to "engage in the

11

specific conduct of which plaintiff accuses them (i.e., failing to pay rent)"); First Union Nat. Bank v. Frempong, CIV. A. 99-1434, 1999 WL 376021, at *1 n. 2 (E.D. Pa. June 9, 1999) (FHA does not give the defendants the right not to pay property taxes) aff'd, 208 F.3d 205 (3d Cir. 2000); Water's Edge Habitat, 837 F. Supp. at 506 ("FHA confers no federal right to violate the facially valid Village ordinance limiting the number of occupants in the dwelling"); Hous. Auth. of Newark v. Henry, 334 F. Supp. 490, 500 (D. N.J. 1971)(FHA does not sanction rent strikes).

Similarly, in this case, the Court finds that Respondents' counterclaims are not properly removable under § 1443(1). As the Respondents' counterclaims also fail to overcome the limitations of the "well-pleaded complaint" rule, the Court is without proper jurisdiction over this action. Accordingly, the Court grants the Petitioner's motion to remand for the additional basis that this Court lacks subject matter jurisdiction.

D. Attorney's Fees and Costs

With respect to the Petitioner's request for attorneys' fees and costs incurred in connection with the motion to remand, 28 U.S.C. § 1447(c) instructs that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Second Circuit has historically granted discretion to the district court in determining whether an award of attorney's fees is appropriate, requiring consideration of "overall fairness given the nature of the case, the circumstances of remand, and the effect on the parties." Morgan Guar. Trust Co. of New York v. Republic of Palau, 971 F.2d 917, 924 (2d Cir. 1992)(internal citations and quotations omitted). However, the Supreme Court has since determined that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the

removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005).

Given the plain language of 28 U.S.C. §§ 1441(a) and 1446, the Court concludes that there was no objectively reasonable basis supporting the Respondents' removal of this action to this Court. As noted above, not only was a single notice of removal filed for 22 separate actions without any statutory indication that such was appropriate, the notice was filed after the expiration of the statutory 30-day window. Further, the Respondents plainly fail to satisfy the "well-pleaded complaint" rule, nor have they shown that they are without an adequate remedy available in the State court. See Massad v. Greaves, 554 F. Supp. 2d 163, 167 (D. Conn. 2008) (awarding costs and fees where removal was "untimely and without any legal basis").

The Respondents have asserted no colorable basis for federal jurisdiction, and the Court finds it appropriate to require the Respondents to pay just costs and any actual expenses, including attorney fees, incurred by the Petitioner as a result of removal. See 28 U.S.C. § 1447(c); Morgan Guar. Trust Co. of New York, 971 F.2d at 923 (finding that the case was removed in bad faith not necessary to award fees and costs under § 1447(c)).

The relevant inquiry then becomes the reasonable amount of fees to award. See Olympus Imaging Am. Inc. v. Reifschneider, S.A., No. 10–CV–4516, 2011 WL 2490596, at *2 (E.D.N.Y. June 22, 2011). The Second Circuit utilizes the "presumptively reasonable fee" method to determine reasonable attorneys' fees or "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly

rate." Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 183–84 (2d Cir. 2008); see also Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983); Chambless v. Masters, Mates & Pilots Pension Plan, 885 F.2d 1053, 1058–59 (2d Cir. 1989). There are a number of case-specific factors including, for example, the difficulty of the case and the level of legal skill required, counsel's usual rate, and counsel's experience and reputation based upon "prevailing market rates" in the community. Flegal v. First Source Advantage, LLC, No. 10–CV–771A (RJA), 2011 WL 1793171, at *2 (W.D.N.Y. May 9, 2011).

Here, the Petitioner's counsel – Lane T. Maxson and David N. Yaffe – both partners with the firm of Hamburger, Maxson, Yaffe, Knauer & McNally, LLP – represent their fee rate as $400. In the Eastern District of New York, courts have determined reasonable hourly rates to be "approximately $300–450 per hour for partners." Hugee v. Kimso Apartments, LLC, 852 F. Supp. 2d 281, 298–99 (E.D.N.Y. 2012)(quoting Piltz v. Inc. Village of Freeport, No. 07–CV–4078 (ETB), 2011 WL 5825138, at *4 (E.D.N.Y. Nov. 17 2011)(internal quotation marks omitted); Builders Bank v. Rockaway Equities, LLC, No. 08–CV–3575 (MDG), 2011 WL 4458851, at *8 (E.D.N.Y. Sept. 23, 2011)("The range in this district is between $300 and $450 for partners"); Olsen v. Cnty. of Nassau, No. 05–CV–3623 (ETB), 2010 WL 376642, at *4 (E.D.N.Y. Jan. 26, 2010)(determining reasonable hourly rates to be $375–$400 for partners); Gutman v. Klein, No. 03–CV–1570 (BMC), 2009 WL 3296072, at *2 (E.D.N.Y. Oct. 9, 2009)(approving rates of $300–$400 for partners).

However, where, as here, the Respondents' removal petition contained multiple defects apparent on its face and the issues involved were not particularly complex, the

Court finds that a downward adjustment of the fee rate is in order. Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76, 94 (E.D.N.Y. 2012)("In light of the relatively straightforward nature of Gunawan's FLSA and the NYLL claims, I find that the level of compensation sought for partner Kirschenbaum exceeds the reasonable rates of compensation prevailing in this district for matters of a similar level of complexity."); see also Cho v. Koam Med. Servs. P.C., 524 F. Supp. 2d 202, 207 (E.D.N.Y. 2007) (reducing partner rate to $250 in "relatively simple" FLSA default action); LaBarbera v. J.E.T. Resources, Inc., 396 F. Supp. 2d 346, 352–53 (E.D.N.Y. 2005)(awarding $250 for partners for time logged on a "simple and straightforward" ERISA matter).

Accordingly, based on the nature of the work performed, the experience of counsel, and prevailing rates in this District, the Court concludes that a reasonable rate for the Petitioner's counsel is $300 per hour. Multiplying this adjusted rate by 26.4 – the number of hours of professional services rendered by the Petitioner's counsel, including filing the reply brief, on this matter – yields a total of $7,920 in attorneys' fees. Compare MB Fin. Bank, N.A. v. 56 Walker, LLC, 11 CIV. 5538 (JGK), 2011 WL 6338808, at *4 (S.D.N.Y. Dec. 19, 2011)(applying an across-the-board reduction of 40% to the plaintiff's attorneys' hours where the partners allegedly spent 51 hours litigating the remand motion). Adding costs in the amount of $49.86 leads to a total of $7,969.86, which the Court deems reasonable. The Court therefore directs the Clerk to enter judgment in the amount of $7,969.86 in favor of the Petitioner.

## II. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the Petitioner's motion pursuant to 28 U.S.C. 1447(c) is granted; this case is remanded to the Second District Court of Lindenhurst, Babylon; and the Clerk of the Court is directed to enter judgment in the amount of $7,969.86 for attorneys' fees and costs in favor of the Petitioner and to close this case.

**SO ORDERED**
Dated: Central Islip, New York
August 5, 2014

                                                  *Arthur D. Spatt*
                                              ARTHUR D. SPATT
                                       United States District Judge